Teresa H. Pearson, WSB No. 25889
MILLER NASH GRAHAM & DUNN LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for U.S. Bank National Association

Honorable Frederick P. Corbit
Chapter 7

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>GOLD DIGGER APPLES, INC.,<br>91-0348985<br><br>Debtor. | Case No. 16-01783-FPC7<br><br>DECLARATION OF DALE L. WELKE |

I, Dale L. Welke, do declare and state as follows:

1. I am a Senior Vice President of plaintiff U.S. Bank National Association ("U.S. Bank."). I make this declaration based on personal knowledge, and I am competent to testify in this matter.

2. U.S. Bank is the holder of the promissory notes, mortgagee under the mortgages, and grantee of the security interests described below.

3. Gold Digger Apples, Inc. ("Gold Digger") is the maker of the promissory notes, grantor under a mortgage on real property, and grantor of the security interest in personal property as described below.

DECLARATION OF DALE L. WELKE - 1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

70106950.1

16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 1 of 12

4.  Kernan Orchards, Inc. ("Kernan") is the grantor of a mortgage on real property as described below.

5.  On or about June 18, 2014, U.S. Bank and Gold Digger executed the Second Amended and Restated Credit Agreement (the "Loan Agreement"). A true copy of the Loan Agreement is attached hereto as Exhibit 1.

6.  On or about June 18, 2014, pursuant to the Loan Agreement, Gold Digger executed and delivered to U.S. Bank that certain Promissory Note (2014 Orchard Loan) in the principal sum of $5,035,000.00 (the "2014 Orchard Loan"). A true copy of the 2014 Orchard Loan is attached hereto as Exhibit 2.

7.  On or about June 18, 2014, pursuant to the Loan Agreement, Gold Digger executed and delivered to U.S. Bank that certain Amended and Restated Promissory Note (Term Loan) in the principal sum of $7,875,779.02 (the "Term Loan"). A true copy of the Term Loan is attached hereto as Exhibit 3.

8.  On or about June 18, 2014, pursuant to the Loan Agreement, Gold Digger executed and delivered to U.S. Bank that certain Amended and Restated Promissory Note (PIK Interest Loan) in the principal sum of $2,058,044.94 (the "PIK Interest Loan"). A true copy of the PIK Interest Loan is attached hereto as Exhibit 4.

9.  On or about June 18, 2014, pursuant to the Loan Agreement, Gold Digger executed and delivered to U.S. Bank that certain Security Agreement in order to secure the Obligations (as defined in the Loan Agreement, including without limitation the obligations thereunder and in the 2014 Orchard Loan, the

DECLARATION OF DALE L. WELKE - 2

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1

16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 2 of 12

Term Loan, and the PIK Interest Loan). Under the Security Agreement, Gold Digger granted U.S. Bank a security interest in the Collateral as defined therein, which includes at least the following:

> " . . . all accounts, cash, chattel paper, contract rights, copyrights, crops, deposit accounts, documents, equipment, farm products, financial assets, fixtures, general intangibles, goods, instruments, insurance policies (including crop insurance policies and credit insurance policies), intellectual property, inventory, investment property, letter of credit rights, patents, securities, stock, trademarks, trade names, and all products and proceeds (including insurance proceeds) of all of the foregoing.
>
> In addition, the word "Collateral" includes all records and data relating to any of the property described in the preceding sentence, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of GDA's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media."

A true copy of the Security Agreement is attached hereto as Exhibit 5.

10. U.S. Bank is the secured creditor and the assignee of secured creditors under UCC financing statements filed as early as August 4, 1989, and multiple filings and amendments thereafter (the "Financing Statements"), which currently remain in effect and describe the Collateral. True copies of the Financing Statements are attached hereto as Exhibit 6. By virtue of the Financing Statements, U.S. Bank has a perfected security interest in the types of Collateral in which a security interest is perfected by filing.

11. The financing statement filed on August 4, 1989 specifically describes, among other things, the following assets subject to U.S. Bank's security interest:

DECLARATION OF DALE L. WELKE - 3

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1
16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 3 of 12

> "All buildings, structures, appurtenances, improvements, equipment, machinery, fixtures, goods, accounts, general intangibles, documents, instruments and chattel paper, and all other personal property of every kind and description, whether now existing or hereafter acquired, now or at any time hereafter attached to, erected upon, situated in or upon, forming a part of, appurtenant to, used or useful in the construction or operation of or in connection with, or arising from the use or enjoyment of all or any portion of, or from any lease or agreement pertaining to, [Gold Digger's real property] . . ."

Except for 59 wine barrels and three specific items of equipment that were released in 2002, this financing statement has remained in place continuously since it was filed 1989.

12. The first financing statement filed on September 25, 1989, specifically describes the following assets subject to U.S. Bank's security interest:

> "In all of Borrower's accounts, chattel paper, documents, instruments, general intangibles and leases and leasehold interests, now existing or hereafter arising, and in all proceeds thereof.
> In all of Borrower's inventory, including raw materials, work in process and materials used or consumed in Borrower's business, either now owned or hereafter acquired, and wherever located, including merchandise and stock in trade, either in possession of the Borrower, a warehouseman, a bailee, or any other person and all products thereof, and all proceeds thereof."

This financing statement has remained in place continuously since it was filed 1989.

13. The second financing statement filed on September 25, 1989, specifically describes the following assets subject to U.S. Bank's security interest:

DECLARATION OF DALE L. WELKE - 4

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1

"Forty Thousand (40,000) Standard Box Bins, and all Substitutions, additions, and accessions thereof or thereto."

This financing statement has also remained in place continuously since it was filed in 1989.

15. The financing statement filed on August 23, 1993, specifically describes the following assets subject to U.S. Bank's security interest:

"All Equipment, whether owned now or acquired later, all accessions, additions, replacements, and substitutions, all records of any kind relating to any of the foregoing, all proceeds (including insurance, general intangibles and accounts proceeds, together with the following specifically described property: INCLUDING, BUT NOT LIMITED TO, ALL STANDARD BINS, ALL PACKING, STORAGE, AND HAULING EQUIPMENT."

Except for 59 wine barrels and three specific items of equipment that were released in 2002, this financing statement has remained in place continuously since it was filed in 1993.

15. The financing statement filed on April 19, 1999, specifically describes the following assets subject to U.S. Bank's security interest:

"All Crops; whether any of the foregoing is owned now or acquired later; whether any of the foregoing is now existing or hereafter raised or grown; all accessions, additions, replacements, payments for participation in any state or federal farm programs, and substitutions relating to any of the foregoing (including all entitlements, rights to payment, and payments, in whatever form received, including but not limited to, payments under any governmental agricultural diversion programs, governmental agricultural assistance programs, the Farm Services Agency Wheat Feed Grain Program, and any other such program of the United States Department of Agriculture, or any other general intangibles or programs); all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance an accounts proceeds)"

DECLARATION OF DALE L. WELKE - 5

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

This financing statement has remained in place continuously since it was filed in 1999.

16. On or about February 2, 1998, Gold Digger and Oro Fruit Company ("Oro"), a Washington corporation, granted that certain Mortgage to U.S. Bank, recorded on February 10, 1998, in the records of the Okanogan County Auditor under instrument number 862066 (vol. 164 page 1892) (the "Gold Digger Mortgage") to secure certain obligations under a promissory note from Gold Digger to U.S. Bank dated February 2, 1998, in the principal amount of $6,000,000.00. Oro has not been an active Washington corporation since January 25, 1999, and title is now vested entirely in Gold Digger. A true copy of the Gold Digger Mortgage is attached hereto as Exhibit 7. On or about June 17, 2014, Gold Digger and U.S. Bank entered into an Amendment of Mortgage, recorded on June 17, 2014, in the records of the Okanogan County Auditor under instrument number 3192389 (the "Gold Digger Mortgage Amendment") to reflect that the Gold Digger Mortgage continued to secure all amounts owed by Gold Digger to U.S. Bank, including the 2014 Orchard Loan, the Term Loan, the PIK Interest Loan, and two other promissory notes in the principal amount of $3,000,000.00 each, and any replacements thereof. A true copy of the Gold Digger Mortgage Amendment is attached hereto as Exhibit 8. The Gold Digger Mortgage encumbers the real property described in the Gold Digger Mortgage Amendment.

17. On or about May 19, 2000, Kernan granted that certain Mortgage to U.S. Bank, recorded on June 12, 2000, in the records of the Okanogan

DECLARATION OF DALE L. WELKE - 6

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1

16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 6 of 12

County Auditor under instrument number 3023290 (the "Kernan Mortgage") to secure certain obligations under a promissory note from Gold Digger to U.S. Bank dated May 19, 2000, in the principal amount of $846,000.00. A true copy of the Kernan Mortgage is attached hereto as Exhibit 9. On or about June 17, 2014, Kernan and U.S. Bank entered into an Amendment of Mortgage (Kernan Orchards), recorded on June 17, 2014, in the records of the Okanogan County Auditor under instrument number 3192388 (the "Kernan Mortgage Amendment") to reflect that the Kernan Mortgage continued to secure all amounts owed by Gold Digger to U.S. Bank, including the 2014 Orchard Loan, the Term Loan, the PIK Interest Loan, and two other promissory notes in the principal amount of $3,000,000.00 each, and any replacements thereof. A true copy of the Kernan Mortgage Amendment is attached hereto as Exhibit 10. The Kernan Mortgage encumbers the real property described in the Kernan Mortgage Amendment.

18. On or about February 18, 2015, Gold Digger and U.S. Bank entered into that certain First Amendment to Second Amended and Restated Credit Agreement and Waiver Agreement (the "First Amendment"). A true copy of the First Amendment is attached hereto as Exhibit 11. Among other things, the First Amendment resulted in the extension of the maturity date of the 2014 Orchard Loan Note to April 15, 2015.

19. On or about April 15, 2015, Gold Digger and U.S. Bank entered into that certain Second Amendment to Second Amended and Restated Credit Agreement (the "Second Amendment"). A true copy of the Second Amendment is

DECLARATION OF DALE L. WELKE - 7

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1

attached hereto as Exhibit 12. The Second Amendment provided for Gold Digger to execute two new promissory notes to replace the two $3,000,000.00 notes referenced in the Gold Digger Mortgage Amendment and the Kernan Mortgage Amendment

20. On or about April 15, 2015, pursuant to the Second Amendment, Gold Digger executed and delivered to U.S. Bank that certain Promissory Note (Warehouse Loan) in the principal sum of $3,000,000.00 (the "Warehouse Loan"). A true copy of the 2015 Warehouse Note is attached hereto as Exhibit 13.

21. On or about April 15, 2015, pursuant to the Second Amendment, Gold Digger executed and delivered to U.S. Bank that certain Promissory Note (2015 Orchard Loan) in the principal sum of $5,600,000.00 (the "2015 Orchard Loan"). A true copy of the 2015 Orchard Loan is attached hereto as Exhibit 14.

22. Gold Digger defaulted on its Obligations (as defined in the Gold Digger Mortgage and the Kernan Mortgage) to U.S. Bank by, among other things, failing to pay when due amounts owing under the promissory notes. The 2014 Orchard Loan matured and became fully due and payable on November 30, 2015; the 2015 Orchard Loan and the Warehouse Loan, on December 15, 2015. The failure to pay in full on the maturity date all amounts due under the 2014 Orchard Loan, the 2015 Orchard Loan, and the Warehouse Loan constituted an Event of Default under Section 13.1(a) of the Loan Agreement. As a result of the

DECLARATION OF DALE L. WELKE - 8

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1

16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 8 of 12

Event of Default, U.S. Bank declared each of the Term Note and the PIK Interest Note immediately due and payable pursuant to Section 13.2 of the Loan Agreement. As permitted by Section 13.2 of the Loan Agreement, interest on the full outstanding balance of each of the 2014 Orchard Loan, the 2015 Orchard Loan, the Warehouse Loan, and the Term Loan began to accrue at the Default Rate (as defined in the Loan Agreement), and interest on the full outstanding balance of the PIK Interest Loan began to accrue and be payable at the Prime Rate plus 7.25 percent per annum. On March 4, 2016, U.S. Bank delivered a Notice of Event of Default to Gold Digger to the foregoing effect. A true copy of the Notice of Event of Default is attached hereto as Exhibit 15. Gold Digger has not satisfied its Obligations to U.S. Bank.

23. An April 25, 2016, check made payable to Gold Digger and drawn on the account of Hudson Insurance Company in the amount of $1,171,249.00 for crop insurance proceeds owed to Gold Digger was deposited into Gold Digger's account at U.S. Bank on May 6, 2016. A true copy of the Notice of Event of Default is attached hereto as Exhibit 16.

24. Because of the defaults by Gold Digger, there is owing under the notes the following amounts as of May 26, 2016, the dated Gold Digger filed its Voluntary Petition in this bankruptcy case:

   a. 2014 Orchard Loan: The principal amount of $1,941,848.80, plus accrued and unpaid interest as of May 26, 2016, in the amount of $10,504.86. Interest continues to accrue on and after May 27, 2016.

DECLARATION OF DALE L. WELKE - 9

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1
16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 9 of 12

b. Term Loan: The principal amount of $7,531,332.32, plus accrued and unpaid interest as of May 26, 2016, in the amount of $47,175.43, and late fees in the amount of $2,480.47. Interest continues to accrue on and after May 27, 2016.

c. PIK Interest Loan: The principal amount of $2,058,044.94, plus accrued and unpaid interest as of May 26, 2016, in the amount of $51,008.07. Interest continues to accrue on and after May 27, 2016.

d. 2015 Orchard Loan: The principal amount of $4,058,000.00, plus accrued and unpaid interest as of May 26, 2016, in the amount of $21,952.65. Interest continues to accrue on and after May 27, 2016.

e. Warehouse Loan: The principal amount of $2,996,480.00, plus accrued and unpaid interest as of May 26, 2016, in the amount of $16,203.16. Interest continues to accrue on and after May 27, 2016.

f. The terms of the Loan Agreement, 2014 Orchard Loan, Term Loan, PIK Interest Loan, 2015 Orchard Loan, Warehouse Loan, Gold Digger Mortgage, and Kernan Mortgage provide for U.S. Bank to be entitled to an award of its costs, fees, and out-of-pocket disbursement, including attorney fees, in collecting on the Obligations and protecting the interests provided by the Gold Digger Mortgage and the Kernan Mortgage. As of May 26, 2016, U.S. Bank has incurred unpaid prepetition costs, fees, and out-of-pocket disbursement, including attorney fees, in the amount of no less than $59,001.72 in collecting on the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1

16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 10 of 12

obligations of Gold Digger and protecting the interests provided by the Gold Digger Mortgage and the Kernan Mortgage that has not been repaid.

I declare under penalty of perjury of the laws of the State of Wisconsin that the foregoing is true and correct.

EXECUTED this 20th day of June, 2016, at Milwaukee, Wisconsin.

*/s/ Dale L. Welke*
Dale L. Welke

DECLARATION OF DALE L. WELKE - 11

**MILLER NASH GRAHAM & DUNN LLP**
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

70106950.1

16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 11 of 12

I hereby certify that I served the foregoing DECLARATION OF DALE L. WELKE on:

    Thomas T Bassett    tom.bassett@foster.com, jtnelson@gdicom.net, gdachapter7@gmail.com, rsdv@hotmail.com, moser@gdicom.net, millp@foster.com

    Jeffrey B Earl    jearl98837@yahoo.com, WA09@ecfcbis.com

    Gregory R Fox    FoxG@Lanepowell.com, stephensont@lanepowell.com, hunterj@lanepowell.com, norbya@lanepowell.com

    Dan ORourke    dorourke@southwellorourke.com, pcallaway@ncidata.com, tina@southwellorourke.com

    Teresa H Pearson    teresa.pearson@millernash.com, lisa.conrad@millernash.com; candice.hughes@millernash.com

    US Trustee    USTP.REGION18.SP.ECF@usdoj.gov

    James B Zack    zackj@lanepowell.com, jobityt@lanepowell.com; stevensk@lanepowell.com; Docketing-SEA@LanePowell.com

by transmitting full, true, and correct copies thereof to the attorney through the court's **Cm/ECF system** on the date set forth below.

DATED this 20th day of June, 2016.

    */s/ Teresa H. Pearson*
    Teresa H. Pearson, P.C.
    Washington State Bar No. 25889
    Of Attorneys for Creditor
    U.S. Bank National Association

Page 1 -  Certificate of Service

70106950.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
T: (503) 224-5858 | F: (503) 224-0155
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

16-01783-FPC7    Doc 47    Filed 06/20/16    Entered 06/20/16 09:35:09    Pg 12 of 12